FEDERAL ENERGY REGULATORY COMMISSION
WASHINGTON, D.C. 20426

August 23, 2024

**Via ECF**

Mark J. Langer
Clerk of the Court
United States Court of Appeals for
  the District of Columbia Circuit
E. Barrett Prettyman United States Courthouse
333 Constitution Avenue, N.W.
Washington, DC 20001

   **Re:** *Healthy Gulf, et al. v. FERC*, No. 23-1226
      Response to Petitioners' August 16, 2024 Rule 28(j) Supplemental
      Authority (*City of Port Isabel v. FERC*, Nos. 23-1174, 23-1221)
      (Oral Argument Scheduled September 10, 2024)

Dear Mr. Langer:

  Respondent Federal Energy Regulatory Commission ("Commission") submits its response to Petitioners' Rule 28(j) letter filed August 16, 2024. *City of Port Isabel v. FERC*, No. 23-1174 (D.C. Cir. Aug. 6, 2024), supports no part of Petitioners' segmentation claim here.

  *Interdependence*: *Port Isabel* requires that both potentially connected projects have some independent utility. Letter 1 (citing Slip Op. 22). Petitioners are wrong that here the Commission "made no such argument for the [independent utility of] the Terminal." *Id.* (emphasis omitted). As explained in the Commission's brief here:

> The Department of Energy has also conclusively established that the Terminal has utility (for exports). *See* Order P 29 & n.55, JA673. The Terminal does not depend solely on the Project for that utility. *See supra* pp. 34-36.

FERC Br. 47 n.4.

That conclusion flows from the nature of some Project benefits, *id.* 30-36 (reliability and supply diversity), which anticipate that the Terminal might obtain supply without the Project. *See* Order P 27, JA672 (describing benefits from "additional supply options," not "insufficient supply" for exports).

Petitioners' opening brief also failed to dispute evidence of the Project's independent utility, namely, the Market Study. FERC Br. 38-39, 46-47.

*Temporal Overlap*: Petitioners claim *Port Isabel* supports temporal overlap based on construction timelines of two projects. Letter 2 (citing Slip Op. 23). But *Port Isabel*'s holding turned solely on the fact that "both *approval requests* were *pending before the Commission* at the same time." Slip Op. 23 (emphasis added). That focus on agency process, not post-approval construction, is consistent with the vast weight of this Court's case law on temporal overlap. *See* FERC Br. 48-49. It is also consistent with the text of the 2020 CEQ rule. *See id.* 45 (quoting 40 C.F.R. § 1502.4(a)'s use of "proposals").

*Jurisdiction*: Under both elements, Petitioners purport to rely on certain assertions about the construction timeline for the Project or Terminal. *See* Letter 2 (twice citing Pet'rs' Br. 15-16). But Petitioners raised no assertions about construction timelines on agency rehearing. *See* Reh'g Req. 8-10, JA715-18. Objections on the basis of those assertions are jurisdictionally barred. 15 U.S.C. § 717r(b).

          Respectfully submitted,

          */s/ J. Houston Shaner*
          Tel.: (202) 502-6883
          john.shaner@ferc.gov

          *Counsel for Respondent*
          *Federal Energy Regulatory Commission*

cc:    All Counsel