

Orrick, Herrington & Sutcliffe LLP
51 West 52nd Street
New York, NY 10019-6142

+1 212 506 5000

orrick.com

E. Joshua Rosenkranz

E  jrosenkranz@orrick.com
D  +1 212 506 5380
F  +1 212 506 5151

November 14, 2024

*Via ECF*

Mark J. Langer
Clerk of Court
U.S. Court of Appeals for the D.C. Circuit
E. Barrett Prettyman United States Courthouse
333 Constitution Avenue N.W.
Washington, D.C. 20001

    Re: *Healthy Gulf, et al. v. FERC*, No. 23-1226
       Rule 28(j) Supplemental Authority
       (Oral Argument Held September 10, 2024)

Dear Mr. Langer:

  Pursuant to Federal Rule of Appellate Procedure 28(j), Intervenors Driftwood LNG LLC et al. submit *Marin Audubon Society v. FAA*, No. 23-1067 (Nov. 12, 2024), as supplemental authority.

  *Marin Audubon* held that Council on Environmental Quality regulations, "which purport to govern how all federal agencies must comply with the National Environmental Policy Act, are *ultra vires*" and unenforceable. Slip Op. 8. And it explained that FERC is a creature "of statute and as such literally has no power to act except to the extent Congress"—not the CEQ—"authorized." Slip Op. 14-15 (citation omitted). Thus, under *Marin Audubon*, CEQ regulations cannot provide a basis for overturning FERC's approval of the project or for remanding the case based on an argument that FERC purportedly did not follow a requirement that has been invalidated as *ultra vires*.

  *Marin Audubon* disposes of Petitioners' segmentation/"connected action" argument here. Petitioners argued that FERC improperly segmented review of Line 200/300 from review of the Driftwood Terminal and Mainline. OB 39-44. But, as admitted by Petitioners' counsel at oral argument, the segmentation rule they are invoking is premised on the requirements of a CEQ regulation, which provide that an agency applying NEPA "shall evaluate, in a single review, proposals or parts of proposals that are related closely enough to be, in effect, a single course of action." 40 C.F.R. § 1501.3; *see Delaware Riverkeeper Network v. FERC*, 753 F.3d 1304, 1314 (D.C. Cir. 2014); Oral Argument 10:24-10:30 ("It is CEQ regulations that require that you analyze connected actions together."). *Marin Audubon*'s holding



that the CEQ regulations are ultra vires and without effect thus eliminates the anti-segmentation rule from its root.

As explained in the appellate briefs and at oral argument, Petitioners' segmentation argument is meritless on its own terms and unexhausted. See Intervenor Br. 39-43; FERC Br. 42-52. Given the holding of *Marin Audubon*, it is also meritless at a more fundamental level. Under *Marin Audubon*, a claimed error based on a purported failure to sufficiently follow the CEQ regulations, such as the segmentation argument here, simply cannot provide a basis for challenging FERC's approval.

                                                                               Respectfully submitted,

                                                                              /s/ E. Joshua Rosenkranz
                                                                              E. Joshua Rosenkranz
                                                                              *Counsel for Intervenors Driftwood LNG LLC and Driftwood Pipeline LLC*

cc: Counsel of Record (via ECF)